UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LEEANN STEWART ET AL** | **CASE NO. 2:22-CV-00932** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA FARM BUREAU MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss & Motion for Summary Judgment" (Doc. 11) filed by Defendant, Louisiana Farm Bureau Casualty Insurance Company (incorrectly referred to as Louisiana Farm Bureau Mutual Insurance Company) ("Farm Bureau"). Farm Bureau contends that the instant suit is not ripe for litigation, and/or alternatively, there is no genuine issue of material fact for trial and the matter must be dismissed.

## FACTUAL STATEMENT

On or about August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana and caused damage to Plaintiffs' property.[1] During the relevant time period, Plaintiffs were insured with flood insurance through Defendant, Farm Bureau. The policy limits included $85,000 for the dwelling and $42,500 for contents.[2] Plaintiffs allege that Farm Bureau breached the policy and adjusted their claim in bad faith.

The policy at issue is a Standard Flood Insurance Policy (SFIP) issued by Farm Bureau as a Write-Your-Own ("WYO") program carrier participating in the United States Government's National Flood Insurance Program ("NFIP").[3]

---

[1] Doc. 1-2.
[2] Defendant's exhibit A.
[3] Defendant's exhibit A.

Plaintiffs signed a Proof of Loss on October 24, 2020, which included contents damage totaling $50,777.00.[4] On November 9, 2020, Farm Bureau issued a check for building coverage for $30,511.40 and $21,104.20 for contents coverage in accordance with the signed Proof of Loss.[5] Plaintiffs have not submitted any additional or supplemental proof of loss.[6]

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

---

[4] *Id.*
[5] Defendant's exhibits A and B.
[6] Defendant's exhibits A and C.

The Court is not required to show deference when resolving factual attacks. "On a factual attacks of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (*quoting Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997).

Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," with no presumption attaching to the plaintiff's allegations or obligation that disputed facts be construed in his favor. *Id*. at 753-54 (*quoting Garcia*, 104 F.3d at 1261).

## **LAW AND ANALYSIS**

"A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required. *Choice Inc. of Texas v. Greenstein*, 691 Fo.3d 710, 714-15 (5th Cir. 2012). A case that is not ripe must be dismissed for lack of subject matter jurisdiction. *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002). Defendant maintains that the instant case is not ripe for litigation because it has not issued a written denial letter.

WYO carriers investigate, adjust, settle, and defend all claims or losses arising from the SFIP. *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005). WYO carriers are fiscal agents of the United States and pay all claims under the SFIP and judgments rendered against them as a WYO flood carrier with federal funds. 42 U.S.C. § 4071. "In essence, the insurance companies serve as administrators for the federal program. It is the Government,

not the companies, that pays the claims." *Morris v. Simsol Ins. Serv.*, 2:13-2514 2013 WL 6590584 (W.D. La. Dec. 16, 2013).

The SFIP "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). "The terms of the SFIP are dictated by FEMA and cannot be waived or modified by [any party]," including the defendant insurer. *Wright v. Allstate Ins. Co.*, 924 F.3d 384, 388 (5th Cir. 2005). These strict rules of construction cannot be relaxed, even if a "harsh" result follows. *Id.* at 387 (discussing *Gowland*, 143 F.3d at 955); *accord Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 782 (5th Cir. 2019) "[N]ot even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of a regulation, for to do so would disregard the duty of all courts to observe the conditions defined by Congress for charging the public treasury." (*quoting Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)).

A Motion to Dismiss pursuant Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over a lawsuit. *Saucier v. Uchendu,* 6:20-1197, 2021 WL 2354671 at *2 (W.D. La. Mar. 16, 2021). The Court must have subject matter jurisdiction before determining the validity of a claim. Thus, the Court must consider a Rule 12(b)(1) motion before taking up any other motions. *Id.* The party asserting jurisdiction bears the burden of proving it exists. *Id.*

"Federal courts are courts of limited jurisdiction." *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)). Jurisdictional issues may be raised at any time by the parties or by the court *sua sponte. Hebert v. United States*, 2021 WL 1522185, at *2 (W.D. La. Apr. 16, 2021) (*quoting MCG, Inc. v Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990)). An action must be dismissed, if at any

time, the court determines that it lacks subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3).

Defendant argues that Plaintiffs have filed suit under their SFIP without a written denial of any or part of their claim. Defendant relies on the following provisions in the SFIP:

> You may not sue us to recover money under this policy unless you have complied with all requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claims. . . . this requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy. 44 C.F.R. pt. 61, App. A(a) art. VII(R).

Consequently, Defendant maintains that the instant lawsuit must be dismissed for lack of subject matter jurisdiction because Plaintiffs have not received a written denial.

Plaintiffs maintain that it can be inferred that there was a denial because Plaintiffs submitted a content claim of $50,777.00 with a coverage limit of $42,500, and Defendant issued a payment to Plaintiffs for their contents for $21,104.20. In their Petition for Damages, Plaintiffs allege that Defendant "failed to explain their denial"[7] and "failed to investigate or document their reasons for their denial or refusal to unconditionally tender the undisputed amount owed to Petitioners.[8]

Here, the issue of whether Defendant issued a written denial, which would cause the instant suit to be premature, is inseparable from the merits of the legal issue. *See LCP West Monroe, LLC v. United States*, 2018 WL 3407495, at *7 (W.D. La. May 7, 2018) (quoting *Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir. 1985). In *Fruge v. National Flood Insurance Program, et al,* Civil Action No. 2:22-1337, (W.D. La. 8/26/22), this Court explained that attacks

---

[7] Doc. 1-2, ¶ 14.
[8] Doc. 1-2, ¶ 15.

on the sufficiency of a plaintiff's proof of loss are not jurisdictional and cannot be raised in a Rule 12(b)(1) motion:

> The Fifth Circuit, however, has held that the proof of loss requirement is not jurisdictional. Instead, the challenge is inseparable from the merits of the legal issue, that is, whether failure to file the proof of loss precludes recovery under the policy. Instead, on such a challenge the court should deal with the objection as a direct attack on the merits of the plaintiff's case.

*Fruge*, at *5. (*quoting LCP West Monroe, LLC v. United* States, 2018 WL 3407495, at *7 (W.D. La. May 7, 2018), and *Reeves*, 756 F.2d at 1143. Likewise, whether or not Plaintiffs complied with the terms of the policy, which required that they receive a written denial, is also inseparable from the merits of the legal issue.

The Fifth Circuit has held:

> [W]here the issue of fact are central to both subject matter jurisdiction and the claim on the merits . . . the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56.

*Montez v. Dep't of* Navy, 392 F.3d 147, 149-50 (5th Cir. 2004) (internal citations omitted). Consequently, the Court should "deal with the objection as a direct attack on the merits of the plaintiff's case[.]" *Id.* As such, the Court will consider Defendant's challenges based on the merits. However, Defendant's reliance on affidavits, to which are attached an adjuster's estimate, diagrams, and photographs, and initial disclosures, takes this motion outside of the scope of a Rule 12(b)(6) motion. Consequently, a motion for summary judgment is more appropriate. However, because no discovery has been conducted, the Court finds that it is premature to decide the issue of whether or not a written denial was issued by Defendant because it would be prejudicial to Plaintiffs to respond to the motion at this time.

## **CONCLUSION**

For the reasons stated herein, the Motion to Dismiss & Motion for Summary Judgment (Doc. 11) filed by Defendant, Louisiana Farm Bureau Casualty Insurance Company will be denied, without prejudice to Defendant's right to bring a later motion for summary judgment on these grounds after the parties have had an adequate opportunity to conduct discovery.

**THUS DONE AND SIGNED** in Chambers on this 7th day of October, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**